**Alvaro Moises RAMOS–
DIAZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

No. 14–70498.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Jan. 20, 2016.*

Filed Jan. 26, 2016.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Dalin Riley Holyoak, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Alvaro Moises Ramos–Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue and review de novo claims of due process violations. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The agency did not abuse its discretion by denying Ramos–Diaz's motion for a continuance to seek post-conviction relief because Ramos–Diaz failed to demonstrate good cause. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir.2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Ra-

mos–Diaz conceded removability, he was ineligible for the relief sought, and collateral post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on ... speculations.").

Ramos–Diaz's due process claim concerning voluntary departure fails because he has not established prejudice. *See* 8 U.S.C. § 1229c(b)(1)(B) (requiring a good moral character showing to receive voluntary departure); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

